UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Frances Monteleone, Linda Rodriguez,
Elyse Scileppi, Frank J. Monteleone, and        CV-08-1986(CPS)(SMG)
Wendy Monteleone,

                          Plaintiffs,           MEMORANDUM
                                                AND ORDER

          - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                          Defendants.
----------------------------------------X
Margaret Schaefer Barglow, Raymond
Barglow, Pamela Montanaro, Siri Scull,          CV-08-2131(CPS)(SMG)
Charles Scull, Robert Wolfson, and Mahalia
Pugatch,
                          Plaintiffs,

          - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                          Defendants.
----------------------------------------X
Gene Bianco and Anita Bianco,
                                                CV-08-3033(CPS)(SMG)

                          Plaintiffs,

          - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                          Defendants.
----------------------------------------X

----------------------------------------X

Philip M. Bray, Ingrid V Noreiko-Bray,
individually and as trustee for Noray          CV-08-2247(CPS)(SMG)
Charitable Remainder Unitrust, and Label
Services, Inc.,

                    Plaintiffs,

          - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                    Defendants.
----------------------------------------X

Carl Gambello, Carole Gambello, and
Adele Disarmato,                               CV-08-3129(CPS)(SMG)
                    Plaintiffs,

          - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                    Defendants.
----------------------------------------X

Miriam B. Greenberger,
                                               CV-08-4123(CPS)(SMG)
                    Plaintiff,

          - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                    Defendants.
----------------------------------------X

```
----------------------------------------X
```
Amadeo Delmonaco, Piedad Delmonaco
Michelle Delmonaco, Brandon Delmonaco,          CV-08-4605(CPS)(SMG)
Nicole Delmonaco, Rosa Armetta, Karamchad
Balkaran, Gino Citro, Steven Doyle, Keith
Pennington, Joseph Fontana, Marco Fontana,
Nunzio Fontana, David Breiner, Marc
Kowalski, George Trivino, German Valdavia,
and Mazine Albert,

                         Plaintiffs,

          - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                         Defendants.
```
----------------------------------------X
```
Ann Marie Delia, William Delia, Robert
Sweeney, Veronica Sweeney, Tara Sroka              CV-08-4758(CPS)(SMG)
f/k/a/ Tara Sweeney, and Ludvig Haugedal,

                         Plaintiffs,

          - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                         Defendants.
```
----------------------------------------X
```

- 4 -

```
----------------------------------------X
Brian Marchese, Ruth Marchese, and
Michael Marchese,                              CV-08-4786(CPS)(SMG)

                    Plaintiffs,

        - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                    Defendants.
----------------------------------------X
Frances McDermott and James W. McDermott,
                                               CV-08-5105(CPS)(SMG)

                    Plaintiffs,

        - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                    Defendants.
----------------------------------------X
Mary Ann Mazzella, David Mazzella, Sophia
Rose Mazzella, Alanna Marie Mazella,           CV-09-760(CPS)(SMG)
Julia Mary Mazzella,
                    Plaintiffs,

        - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                    Defendants.
----------------------------------------X
SIFTON, Senior Judge.
```

Plaintiffs Frances Monteleone ("Monteleone"), Margaret

Shaefer Barglow ("Barglow"), Carl Gambello ("Gambello"), Miriam

Greenberger ("Greenberger"), Philip Bray ("Bray"), Amadeo del

Monaco ("Del Monaco"), Gene Bianco ("Bianco"), the Estate of

William A. Delia ("Delia"), and Brian Marchese ("Marchese"),

among others[1] (collectively, "plaintiffs"), commenced actions

against defendants the Leverage Group ("Leverage Group"),

Leverage Option Management Co., Inc. ("Leverage Option

Management"), Leverage Management, LLC ("Leverage Management"),

North American Financial ("North American"), Philip Barry

("Barry"),[2] and Philip Barry, LLC ("Barry, LLC")[3] (collectively,

"defendants"). These cases were consolidated for pretrial

purposes on November 17, 2008. On December 24, 2008, all

---

[1]The full list of plaintiffs is as follows: Frances Monteleone, Linda Rodriguez, Elyse Scileppi, Frank J. Monteleone, Wendy Monteleone (the "Monteleone plaintiffs"); Margaret Schaefer Barglow, Raymond Barglow, Pamela Montanaro, Siri Scull, Charles Scull, Robert Wolfson, Mahala Pugatch (the "Barglow plaintiffs"); Gene Bianco, Anita Bianco (the "Bianco plaintiffs"); Carl Gambello, Carole Gambello, Adele Disarmato (the "Gambello plaintiffs"); Miriam Greenberger (the "Greenberger plaintiff"); Philip M. Bray, Ingrid Noreiko-Bray, Label Service, Inc., Noray Charitable Remainder Unitrust (the "Bray plaintiffs"); Amadeo Del Monaco, Piedad Del Monaco Michelle Del Monaco, Brandon Del Monaco, Nicole Del Monaco, Rosa Armetta, Karamchad Balkaran, Gino Citro, Steven Doyle, Keith Pennington, Joseph Fontana, Marco Fontana, Nunzio Fontana, David Breiner, Marc Kowalski, George Trivino, German Valdavia, Mazine Albert (the "Delmonaco plaintiffs"); Ann Marie Delia, William Delia, Robert Sweeney, Veronica Sweeney, Tara Sroka f/k/a/ Tara Sweeney, Ludvig Haugedal (the "Delia plaintiffs"); Brian Marchese, Ruth Marchese, and Michael Marchese (the "Marchese plaintiffs"); Frances McDermott and James W. McDermott (the "McDermott plaintiffs"); and Mary Ann Mazzella, David Mazzella, Sophia Rose Mazzella, Alanna Marie Mazella, and Julia Mary Mazzella (the "Mazzella plaintiffs").

[2]On November 7, 2008, all proceedings against defendant Barry were stayed by the Bankruptcy Court. On November 20, 2008, Barry, LLC filed for bankrupty. On January 21, 2009, the Barry, LLC action was dismissed by the Bankruptcy Court. On January 23, 2009, the Bankruptcy Court lifted the stay as to Barry in favor of the Monteleone, Greenberger, Bianco, Barglow, and Gambello plaintiffs, but no others.

[3]See previous note.

- 6 -

plaintiffs filed an Amended Consolidated Complaint, which included the following additional defendants: Saint Joseph's Development Corporation and HK Holdings, LLC.[4] The Amended Consolidated Complaint listed the following causes of action: (1) violation of federal securities law, 15 U.S.C. §§ 78c(a)(10), 78j(b) and S.E.C. Rule 10b-5; (2) violation of New Jersey securities law, N.J.S.A. 49:3-17; (3) violation of Federal RICO, 18 U.S.C. 1962(c); (4) Federal RICO conspiracy, 18 U.S.C. 1962(d); violation of New Jersey RICO, N.J.S.A. 2C:41-2(c); (6) New Jersey RICO Conspiracy, N.J.S.A. 2C:41-2(d); (7) fraud; (8) conversion; (9) negligent misrepresentation; (10) breach of fiduciary duty; (11) breach of contract; (12) breach of implied covenants of good faith and fair dealing; and (13) unjust enrichment. Plaintiffs seek compensatory, consequential, and punitive damages, attorneys' fees, and costs. Now before the Court is a motion by pro se plaintiff Brian Marchese for partial summary judgment as to liability and summary judgment as to damages. Defendants have not responded to the motion.[5] For the reasons set forth below, the motion is granted.

**BACKGROUND**

---

[4]Saint Joseph's Development Corporation and HK Holdings, LLC have not yet appeared in this case. Plaintiff Marchese, whose motion is addressed in this opinion, has not sought summary judgment against them. Accordingly, these defendants will not be discussed further in this opinion.

[5]On February 24, 2009, I issued an Order to Show Cause directing the defendants to state why the relief requested in plaintiff Marchese's motion for summary judgment should not be granted. Defendants did not respond, nor did they submit any correspondence in relation to the Order.

Familiarity with the procedural history, parties, investment scheme, prior summary judgment motions made in this case is assumed.[6] The facts as they pertain to pro se plaintiff Brian Marchese have been discussed in my previous opinion granting his motion for attachment of defendant assets.[7]

On January 29, 2009, I granted the Monteleone, Barglow, Gambello, Greenberger, Bianco, and Bray plaintiffs' motions for partial summary judgment on liability and damages. Pursuant to my consolidation order, these six motions for summary judgment were treated as having been filed on behalf of all plaintiffs. Plaintiff Marchese has submitted a complaint and affidavits showing that his exposure to defendant's investment scheme mirrored that of the Monteleone, Barglow, Bianco, Gambello, Greenberger, and Bray plaintiffs. Plaintiff Marchese first invested with defendants in January, 2008. Pl. Mem. at 2.[8] Defendants guaranteed that Marchese would receive 12.55% interest on his investments. *See* Compl. Ex. 1 (letter from defendants to plaintiff). Defendants further guaranteed that Marchese could withdraw funds at any time. *Id* Marchese invested hundreds of

---

[6]*See* this Court's opinions on plaintiffs' motions for attachment and summary judgment. *Monteleone v. Leverage Group*, 2008 U.S. Dist. LEXIS 78983 (E.D.N.Y. October 7, 2008); *Monteleone v. Leverage Group*, 2008 U.S. Dist. LEXIS 8682 (E.D.N.Y. January 28, 2009).

[7]*See Marchese v. Leverage Group*, 2009 U.S. Dist. LEXIS 13318 (E.D.N.Y. February 20, 2009).

[8]Pro se plaintiff Marchese's memorandum of law in support of his motion for summary judgment is signed by him and notarized.

thousands of dollars with defendants in several accounts. *See id.*
(quarterly statements). On October 21, 2008, Marchese telephoned
defendant Barry and requested to withdraw all funds and close his
Leverage investment accounts. Pl. Mem. at 2. The defendants have
failed to return the funds. *Id.*

## DISCUSSION

### A. Liability

For the reasons stated in my January 28, 2009 opinion, I
grant partial summary judgment to plaintiff Brian Marchese on the
issue of liability, limited to the claims stated in the previous
ruling.[9]

### B. Damages

A plaintiff must substantiate a claim with evidence to prove
the extent of damages. Although an evidentiary hearing may be
held, "it is not necessary for the district court to hold a
hearing, as long as... there was a basis for the damages
specified." *Transatlantic Marine Claims Agency, Inc. v. Ace
Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997); *Tamarin v, Adam
Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (district judges
are given much discretion to determine the necessity of an
inquest).

Plaintiff Marchese has submitted an affidavit indicating

---

[9]The claims were: fraud, conversion, breach of contract, breach of
covenant of good faith and fair dealing, unjust enrichment, negligent
misrepresentation, and breach of fiduciary duty.

that he last received statements for his accounts from defendants on September 30, 2008, which reflected a combined account balance of $758,660.33. Affidavit of Brian Marchese. Account statements previously submitted by plaintiff Marchese in connection with his motion to attach assets of the defendants support this claim. Exhibits to Pl. Motion for Attachment (quarterly account statements). Defendants have not disputed this amount.

Plaintiff Marchese has offered sufficient evidence to show that it is more likely than not that he is owed the amounts claimed. Accordingly, his motion for summary judgment as to damages on this claim are granted.

Under Rule 54(b) of the Federal Rules of Civil Procedure, I find that there is no just reason for delay of entry of judgment since, under the circumstances, speed is of the essence. The bankruptcy action in the case of Barry, LLC was recently dismissed. Furthermore, new plaintiffs continue to file claims in connection with this action. There may now be a race for priority. There is no reason to penalize the diligent.

### CONCLUSION

For the reasons stated above, the motion for partial summary judgment as to liability against defendants Philip Barry, LLC, Leverage Group, Leverage Option Management Co., Leverage Management, LLC, and North American Financial on the issue of liability is granted in favor of plaintiff Marchese. In addition,

plaintiff Marchese is granted the following amount in compensatory damages: $758,660.33.

Defendants Philip Barry, LLC, Leverage Group, Leverage Option Management Co., Leverage Management, LLC, and North American Financial are liable, jointly and severally, for these damages. The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge, and to enter judgment in favor of plaintiff Brian Marchese, in the amount described herein.

SO ORDERED.

Dated:    Brooklyn, New York
          March 9 , 2009

                         s/Hon. Charles P. Sifton
          By: _____
                    United States District Judge