```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Frances Monteleone, et al.,              CV-08-1986(CPS)(SMG)
                Plaintiffs,
                                         This document
                                         relates to:
     - against -
                                         08-CV-2247

The Leverage Group, et al.               MEMORANDUM
                Defendants.              AND ORDER
----------------------------------------X
```

SIFTON, Senior Judge.

This case concerns allegations by numerous plaintiffs that defendant Philip Barry and companies controlled by him defrauded them of millions of dollars. Now before the Court is a motion by Brune & Richard LLP ("Counsel"), which is counsel to plaintiffs Philip M. Bray, Ingrid V. Noreiko-Bray, individually and as trustee for Noray charitable Remainder Unitrust, and Label Service, Inc. ("plaintiffs"), to withdraw as attorney for plaintiffs, on the ground that plaintiffs have asked Counsel to take no further action in this case. For the reasons set forth below, the motion is granted.

**Background**

The following facts are taken from the memorandum and declaration by Counsel in support of the motion.

On behalf of plaintiffs, Counsel has filed a complaint, won motions for attachment, and secured entries of judgment against defendants. Declaration of David Ziff at ¶¶2-4. On January 7, 2009, plaintiffs informed counsel that they did not want to incur any additional fees in connection with this case. *Id*. at ¶ 5. On

January 28, 2009, the date that judgment was entered in favor of plaintiffs, Counsel confirmed with plaintiffs that it would not take any additional action in this case unless instructed to do so by plaintiffs. *Id.* at ¶ 6.

On February 13, 2009, defendants appealed numerous orders of the Court, including the granting of judgments to plaintiffs.

On February 18, 2009, plaintiffs again informed Counsel that they did not want Counsel to take any further action in this case, and requested a final bill. *Id.* at ¶ 7. On February 23, 2009, Counsel sent a letter to plaintiffs indicating that, at plaintiffs' request, Counsel was concluding representation of plaintiffs, and enclosed a final bill. *Id.* at ¶ 8. Counsel has not appeared on plaintiffs' behalf in the related bankruptcy proceedings, nor does Counsel represent plaintiffs in connection with defendants' pending appeal in the Court of Appeals. *Id.* at ¶¶ 9-10.

**Discussion**

District courts have wide discretion in deciding whether to grant a motion for an attorney's withdrawal, *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999).

Local Civil Rule 1.4 provides:

> "[a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or

displacement and the posture of the case, including its position, if any, on the calendar.

The Model Code of Professional Responsibility ("Model Code") provides guidance as to when this Court may grant a motion for withdrawal of counsel. *Whiting*, 187 F.3d at 321 (citing *National Survival Games, Inc.*). Relevant to this case, withdrawal under the Code is permissive where it can be accomplished without material adverse effect on the interests of the client or other good cause for withdrawal exists. Model code, § 1.16(b); 22 N.Y.C.R.R. § 1200.15(c). The New York Code of Professional Responsibility states that a lawyer may withdraw if the "lawyer's client knowingly and freely assents to termination of the employment," and a lawyer must withdraw if the lawyer is discharged by the client. N.Y. Code of Prof. Responsibility § 1200.15(c)(5), (b)(4); *see also Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F.Supp.2d 164, 165 (E.D.N.Y. 2006) (unwillingness to pay fees is a valid basis for granting a motion to withdraw, citing cases).

"[A] court may establish conditions before permitting withdrawal." *Mario Valente Collezioni, Ltd. v. Semeraro*, 2004 U.S. Dist. LEXIS 8274 at *3 (S.D.N.Y. 2004) (quoting *Oscar de la Renta, Ltd. v. Strelitz, Ltd.*, 1993 U.S. Dist. LEXIS 7572, at *1, (S.D.N.Y. 1993)); *Beshansky v. First Nat'l Entertainment Corp.*, 140 F.R.D. 272, 274 (S.D.N.Y. 1990). Courts have conditioned

withdrawal on attorneys completing certain stages of the litigation, providing a copy of the order permitting withdrawal and to explain it to the client, and entering into a final judgment in the other party's favor. *See Emile v. Browner*, 1996 U.S. Dist. LEXIS 18654, at *5 (S.D.N.Y. 1996); *Beshansky v. First Nat'l Entertainment Corp.*, 140 F.R.D. 272, 274 (S.D.N.Y. 1990); *Mario Valente*.

Counsel has secured attachments and judgments for plaintiffs, and plaintiffs have made it clear to Counsel that they do not wish to incur any further legal fees. Permissive withdrawal is therefore appropriate. However, the status of the judgments secured by plaintiffs against defendants is uncertain, given defendants' pending appeal before the Court of Appeals and the effect of the pending stay in the bankruptcy proceeding against defendants, which may hinder enforcement of the judgment. Counsel has not indicated whether it has informed plaintiffs of the possibility that they may require further representation following a decision in the Court of Appeals and in the bankruptcy proceeding. Plaintiffs must understand the consequences of discharging their attorneys and be given an opportunity to reverse their earlier decision to discontinue representation.

## Conclusion

For the reasons stated herein, Counsel's motion to withdraw

from representation of plaintiffs is granted on the following conditions: (1) Counsel must inform plaintiffs of the possible outcomes of the pending appeal and bankruptcy proceedings in this case, including that the Court of Appeals may reverse this Court's judgments in their favor, which may in turn require further litigation, and (2) plaintiffs must attest in writing that they understand the risks of discontinuing representation and consent to the withdrawal. The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge. Counsel is directed to furnish a copy of the within to plaintiffs.

SO ORDERED.
Dated:   Brooklyn, New York
         April 1, 2009

                By: /s/ Charles P. Sifton (electronically signed)
                            United States District Judge