UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Frances Monteleone et al.

                          Plaintiffs,          MEMORANDUM
                                               AND ORDER

        - against -                            08-CV-1986
                                               (CPS)(SMG)

The Leverage Group, Leverage Option            08-CV-4605
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                          Defendants.
----------------------------------------X
SIFTON, Senior Judge.

        Various plaintiffs, including Maxine Albert,[1] commenced

actions against defendants the Leverage Group, Leverage Option

Management Co., Inc., Leverage Management, LLC, North American

Financial, Philip Barry ("Barry"), and Philip Barry, LLC. These

cases were consolidated for pretrial purposes on November 17,

2008. On December 24, 2008, all plaintiffs filed an Amended

Consolidated Complaint, which included the following additional

---

[1]The list of plaintiffs is as follows: Frances Monteleone, Linda
Rodriguez, Elyse Scileppi, Frank J. Monteleone, Wendy Monteleone (the
"Monteleone plaintiffs"); Margaret Schaefer Barglow, Raymond Barglow, Pamela
Montanaro, Siri Scull, Charles Scull, Robert Wolfson, Mahala Pugatch (the
"Barglow plaintiffs"); Gene Bianco, Anita Bianco (the "Bianco plaintiffs");
Carl Gambello, Carole Gambello, Adele Disarmato (the "Gambello plaintiffs");
Miriam Greenberger (the "Greenberger plaintiff"); Philip M. Bray, Ingrid
Noreiko-Bray, Label Service, Inc., Noray Charitable Remainder Unitrust (the
"Bray plaintiffs); Amadeo Del Monaco, Piedad Del Monaco Michelle Del Monaco,
Brandon Del Monaco, Nicole Del Monaco, Rosa Armetta, Karamchad Balkaran, Gino
Citro, Steven Doyle, Keith Pennington, Joseph Fontana, Marco Fontana, Nunzio
Fontana, David Breiner, Marc Kowalski, George Trivino, German Valdavia, Mazine
Albert (the "Delmonaco plaintiffs"); Ann Marie Delia, William Delia, Robert
Sweeney, Veronica Sweeney, Tara Sroka f/k/a/ Tara Sweeney, Ludvig Haugedal
(the "Delia plaintiffs"); Brian Marchese, Ruth Marchese, and Michael Marchese
(the "Marchese plaintiffs").

defendants: Saint Joseph's Development Corporation and HK
Holdings, LLC. The Amended Consolidated Complaint asserted RICO,
fraud, conversion, misrepresentation, and breach of contract
claims. Now before the Court is a motion by Maxine Albert, a
plaintiff with the Del Monaco plaintiffs group to whom summary
judgment on liability has been granted, for damages against all
defendants. For the reasons stated below, the motion is granted
with respect to Philip Barry only.

**Background**

Familiarity with the procedural history, parties, investment
scheme, prior summary judgment motions made in this case is
assumed.[2]

On January 29, 2009, I granted the Monteleone, Barglow,
Gambello, Greenberger, Bianco, and Bray plaintiffs' motions for
summary judgment. Pursuant to my consolidation order, these six
motions for summary judgment were treated as having been filed on
behalf of all plaintiffs. Maxine Albert, along with other Del
Monaco plaintiffs, submitted an affidavit indicating that her
exposure to defendants' investment scheme mirrored that of the
Monteleone, Barglow, Bianco, Gambello, Greenberger, and Bray
plaintiffs. On February 6, 2009, I granted summary judgment as to

---

[2]*See* this Court's opinions on plaintiffs' motions for attachment and
summary judgment. *Monteleone v. Leverage Group*, 2008 U.S. Dist. LEXIS 78983
(E.D.N.Y. October 7, 2008); *Bray v. Leverage Group*, 2008 U.S. Dist. LEXIS
92383 (E.D.N.Y. November 4, 2008); *Monteleone v. Leverage Group*, 2008 U.S.
Dist. LEXIS 8682 (E.D.N.Y. January 28, 2009).

liability to the Del Monaco and Delia plaintiffs.

At the same time as these proceedings were occurring in the District Court, a bankruptcy proceeding filed by Philip Barry on October 31, 2008 was taking place in the Eastern District of New York Bankruptcy Court. On January 23, 2009, several plaintiffs from the various plaintiff groups, including Maxine Albert, obtained relief from the automatic stay put in place in favor of Barry,[3] which enabled them to proceed against Barry in the District Court. However, any collection efforts of the creditors for whose benefit the stay was lifted against Barry and his assets must occur in the Bankruptcy Court.

At the time Bankruptcy Court Judge Milton lifted the stay on actions against Barry, no stay was in place in favor of companies associated with Barry, as none of those companies had declared bankruptcy. On March 5, 2009, upon petition of the Trustee in the Bankruptcy Court, Judge Milton extended the automatic stay in place over Philip Barry, individual, to cover all companies controlled by him.[4] The Trustee appointed by Judge Milton to marshall and manage the debtor's assets stated in a letter to the court of April 7, 2009 that "the automatic stay is indefinitely

---

[3]Pursuant to federal law governing bankruptcy, an automatic stay operates as a stay of "the commencement or continuation... of a judicial... action... to recover a claim against the debtor that arose before the commencement of the case." 11. U.S.C. § 362(a). Thus, any action in a case against a debtor, not simply the enforcement of a judgment, is a violation of a bankruptcy stay.

[4]The action is recorded in the docket; there is no corresponding order.

applicable to stay *any actions taken against all of the Debtor's Affiliated Entities*," with no exception listed for those in whose favor the stay had previously been lifted (emphasis added). These companies include all those named in the complaint by plaintiffs: Philip Barry, LLC, the Leverage Group, Leverage Option Management, Inc., North American Financial, Leverage Management, LLC, Lake Joseph Development Corp., and Saint Josephs Development Corporation. On April 2, 2009, Judge Milton extended the stay over HK Holdings, LLC, the one additional company named in the complaint but not covered by the March 5 order.

### Discussion

A plaintiff must substantiate a claim with evidence to prove the extent of damages. Although an evidentiary hearing may be held, "it is not necessary for the district court to hold a hearing, as long as... there was a basis for the damages specified." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997); *Tamarin v, Adam Caterers, Inc*., 13 F.3d 51, 54 (2d Cir. 1993) (district judges are given much discretion to determine the necessity of an inquest).

Plaintiff Maxine Albert has sufficiently documented the extent of her damages to establish a basis for awarding her the requested amount. Albert states in an affidavit that she had a single investment account for which she received a 12.55% annual

return, which Barry guaranteed would be a safe investment, and which Barry claimed could be liquidated at any time. Affidavit of Maxine Albert at ¶¶ 4, 5. As of June 30, 2008, Albert had an balance of $415,398.44. *Id*. at ¶ 7, Ex. A. On May 30, 2008, she withdrew $70,000. *Id*., Ex. B. As of July, 2008, the account balance was $357,141.90, including interest. *Id*. On July 22, 2008, Albert withdrew $156,000, leaving a principal balance of $201,141,98. *Id*., Ex. C. With an addition of $18,932.48 in interest, the amount owed as of April 30, 2009 was $220,074.46. Despite Albert's repeated demands, Barry has failed and/or refused to return this money. Based on these representations, I find that Albert is due $220,074.46 in compensatory damages.

There remains the question of which persons and entities are liable for these damages. Bankruptcy Judge Milton's January 23, 2009 order lifted the stay as to defendant Barry and listed Maxine Albert as a beneficiary of that decision. However, the March 5, 2009 order extending the stay to all companies controlled by Barry did not include an exception for those plaintiffs to whom relief from the earlier stay had been granted. Absent an order from the Bankruptcy Court granting Albert relief from the stay in place over companies controlled by Barry, Albert may not proceed against those companies.

Under Rule 54(b) of the Federal Rules of Civil Procedure, I find that there is no just reason for delay of entry of judgment

since, under the circumstances, speed is of the essence. New plaintiffs continue to file actions against defendant Barry, and there is contestation of priority. There is no reason to penalize the diligent.

## Conclusion

For the reasons stated above, Maxine Albert is granted $220,074.46 in compensatory damages against Philip Barry only; her motion is denied with respect to all other defendants. The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge, and to enter judgment in favor of Maxine Albert, in the amount described herein. Any effort to collect the aforementioned damages must occur in the Bankruptcy Court.

SO ORDERED.

Dated:    Brooklyn, New York
          May 21, 2009

                    By: <u>Charles P. Sifton (electronically signed)</u>
                        United States District Judge