```
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
Frances Monteleone et al.

                    Plaintiffs,        08-CV-1986
                                       (CPS)(SMG)

                                       08-CV-4786
        - against -

The Leverage Group, Leverage Option    MEMORANDUM
Management Co., Inc., Leverage Management  OPINION
LLC, North American Financial, Philip  AND ORDER
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                    Defendants.
-------------------------------------X
```
SIFTON, Senior Judge.

Various groups of plaintiffs,[1] including *pro se* plaintiff Michael Marchese[2] ("plaintiff"), commenced actions against defendants the Leverage Group, Leverage Option Management Co., Inc., Leverage Management, LLC, North American Financial, Philip Barry ("Barry"), and Philip Barry, LLC. These cases were consolidated for pretrial purposes on November 17, 2008. On

---

[1]The list of plaintiffs is as follows: Frances Monteleone, Linda Rodriguez, Elyse Scileppi, Frank J. Monteleone, Wendy Monteleone (the "Monteleone plaintiffs"); Margaret Schaefer Barglow, Raymond Barglow, Pamela Montanaro, Siri Scull, Charles Scull, Robert Wolfson, Mahala Pugatch (the "Barglow plaintiffs"); Gene Bianco, Anita Bianco (the "Bianco plaintiffs"); Carl Gambello, Carole Gambello, Adele Disarmato (the "Gambello plaintiffs"); Miriam Greenberger (the "Greenberger plaintiff"); Philip M. Bray, Ingrid Noreiko-Bray, Label Service, Inc., Noray Charitable Remainder Unitrust (the "Bray plaintiffs); Amadeo Del Monaco, Piedad Del Monaco Michelle Del Monaco, Brandon Del Monaco, Nicole Del Monaco, Rosa Armetta, Karamchad Balkaran, Gino Citro, Steven Doyle, Keith Pennington, Joseph Fontana, Marco Fontana, Nunzio Fontana, David Breiner, Marc Kowalski, George Trivino, German Valdavia, Mazine Albert (the "Delmonaco plaintiffs"); Ann Marie Delia, William Delia, Robert Sweeney, Veronica Sweeney, Tara Sroka f/k/a/ Tara Sweeney, Ludvig Haugedal (the "Delia plaintiffs"); Brian Marchese, Ruth Marchese, and Michael Marchese (the "Marchese plaintiffs").

[2]At the time Mr. Marchese filed his complaint, he was represented by counsel.

December 24, 2008, all plaintiffs filed an Amended Consolidated Complaint, which included the following additional defendants: Saint Joseph's Development Corporation and HK Holdings, LLC. The Amended Consolidated Complaint asserted RICO, fraud, conversion, misrepresentation, and breach of contract claims. Now before the Court are a motion for a writ of attachment and a motion for summary judgment by Michael Marchese against all defendants. No defendant has responded to the motion. For the reasons stated herein, the motion is denied.

**BACKGROUND**

Familiarity with the procedural history, parties, investment scheme, and prior summary judgment motions made in this case is assumed.[3]

On January 29, 2009, I granted the Monteleone, Barglow, Gambello, Greenberger, Bianco, and Bray plaintiffs' motions for partial summary judgment on liability and damages. Pursuant to my consolidation order, these six motions for summary judgment were treated as having been filed on behalf of all plaintiffs. Plaintiff Marchese has submitted a complaint and affidavits showing that his exposure to defendant's investment scheme

---

[3] *See* this Court's opinions on plaintiffs' motions for attachment and summary judgment. *Monteleone v. Leverage Group*, 2008 U.S. Dist. LEXIS 78983 (E.D.N.Y. October 7, 2008); *Monteleone v. Leverage Group*, 2008 U.S. Dist. LEXIS 8682 (E.D.N.Y. January 28, 2009).

mirrored that of the Monteleone, Barglow, Bianco, Gambello, Greenberger, and Bray plaintiffs. Plaintiff Marchese first invested with defendants in September, 2005. Pl. Mem. at 2.[4] Defendants guaranteed that Marchese would receive 12.55% interest on his investments. *See* Compl. Ex. C (letter from defendants to plaintiff). Defendants further guaranteed that Marchese could withdraw funds at any time. *Id.* Marchese invested thousands of dollars with defendants. *See* Compl. Ex. C (quarterly statement). As of June 2008, plaintiff's account balance was $49,194.95. *Id*. On October 21, 2008, Marchese telephoned defendant Barry and requested to withdraw all funds and close his Leverage investment accounts. Pl. Mem. at 2. The defendants have failed to return the funds. *Id*.

Michael Marchese filed his complaint against defendants with co-plaintiffs Brian Marchese (his son) and Ruth Marchese on November 26, 2008. On February 13, 2009, I granted motions by all three plaintiffs to represent themselves *pro se*. On March 24, 2009, pro se plaintiff Brian Marchese filed a motion for summary judgment against all defendants. I granted the motion with respect to defendants Philip Barry, LLC, Leverage Group, Leverage Option Management Co., Leverage Management, LLC, and North

---

[4] Pro se plaintiff Marchese's memorandum of law in support of his motion for summary judgment is signed by him and notarized.

American Financial, only.[5] On July 7, 2009, Michael Marchese filed the motions presently before me.

At the same time as these proceedings have occurred in the District Court, a bankruptcy proceeding filed by Philip Barry on October 31, 2008 has been taking place in the Eastern District of New York Bankruptcy Court. On January 23, 2009, several plaintiffs from the various plaintiff groups, but not plaintiff Michael Marchese, requested that Judge Milton of the Bankruptcy Court grant them relief from the stay against filing any legal proceedings against Philip Barry, which Judge Milton had put in place at the commencement of his bankruptcy proceeding. Judge Milton granted the request, enabling those groups of plaintiffs to proceed against Barry in the District Court. The stay remained in place as to all other plaintiffs, including Michael Marchese.

On March 5, 2009, upon petition of the Trustee in the Bankruptcy Court, Judge Milton extended the automatic stay in place over Philip Barry, individual, to cover all companies controlled by him.[6] The Trustee appointed by Judge Milton to marshal and manage the debtor's assets stated in a letter to the

---

[5] All actions against Philip Barry, individual, had been stayed by the Bankruptcy Court. *See infra*.

[6] The action is recorded in the docket; there is no corresponding order. These companies include all those named in the complaint by plaintiffs: Philip Barry, LLC, the Leverage Group, Leverage Option Management, Inc., North American Financial, Leverage Management, LLC, Lake Joseph Development Corp., and Saint Josephs Development Corporation. On April 2, 2009, Judge Milton extended the stay over HK Holdings, LLC, the one additional company named in the complaint but not covered by the March 5 order.

court of April 7, 2009 that "the automatic stay is indefinitely applicable to stay *any actions taken against all of the Debtor's Affiliated Entities*" (emphasis added).

**DISCUSSION**

Pursuant to federal law governing bankruptcy, a stay put in place by a bankruptcy court operates as a stay against "the commencement or continuation... of a judicial... action... to recover a claim against the debtor that arose before the commencement of the case." 11. U.S.C. § 362(a). Thus, any action in a case against a debtor in whose favor a stay is in place is a violation of a bankruptcy stay. *See Centrifugal Force, Inc. v. SoftNet Commun., Inc.*, 2009 U.S. Dist. LEXIS 35223, *2 (S.D.N.Y. April 7, 2009); *Fifty Liberty St., LLC v. Eureka Petroleum, Inc.*, 2008 U.S. Dist. LEXIS 60314, *3 (W.D.N.Y. August 6, 2008)

Plaintiff Michael Marchese has not been granted relief from the stay put in place in favor of Philip Barry and the companies controlled by him. Accordingly, this Court is without authority to grant the relief requested.

**CONCLUSION**

For the reasons stated herein, the motions by Michael Marchese for summary judgment and a writ of attachment are denied. The Clerk is directed to transmit a copy of the within to

all parties and the assigned Magistrate Judge, and to mail a copy of the within to Michael Marchese at the following address: 2652 Cropsey Ave. Apt 13H, Brooklyn, NY, 11214.

SO ORDERED.

Dated:  Brooklyn, NY
        August 5, 2009

                    By: /s/ Charles P. Sifton (electronically signed)
                              United States District Judge